UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LISA MARTIN,

                              Plaintiff,

v.                                                                            8:07-CV-0928
                                                                              (GLS/GHL)

MICHAEL ASTRUE, Commissioner of Social
      Security,

                              Defendant.
_____

APPEARANCES:                                        OF COUNSEL:

OFFICE OF MARK A. SCHNEIDER          MARK A. SCHNEIDER, ESQ.
Counsel for Plaintiff
57 Court Street
Plattsburgh, New York 12901

HON. GLENN T. SUDDABY                 KAREN T. CALLAHAN, ESQ.
United States Attorney for the                Special Assistant U.S. Attorney
 Northern District of New York
*Counsel for Defendant*
P.O. Box 7198
100 S. Clinton Street
Syracuse, New York 13261-7198

GEORGE H. LOWE, United States Magistrate Judge

## REPORT AND RECOMMENDATION

       This matter was referred to the undersigned for report and recommendation by the Honorable Gary L. Sharpe, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Northern District of New York Local Rule 72.3. Defendant moves to dismiss the Complaint. (Dkt. No. 7.) Plaintiff opposes the motion. (Dkt. No. 9.) Defendant has replied. (Dkt. No. 14.) Because I find that Plaintiff filed her civil action before Defendant's administrative decision became final, I recommend that the motion to dismiss be granted.

I.      **PROCEDURAL HISTORY**

This case involves two applications by Plaintiff for Supplemental Security Income.  The somewhat complicated procedural history of the applications appears to have led to confusion, resulting in Plaintiff filing the current Complaint prematurely.

Plaintiff applied for Supplemental Security Income on February 21, 2003. (Dkt. No. 1 at ¶ 5; Schneider Aff. ¶ 5[1].)   On July 27, 2004, an Administrative Law Judge ("ALJ")  issued a decision finding that Plaintiff was not disabled.  (Dkt. No. 1 at ¶ 7; Schneider Aff. ¶ 7.)  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on March 3, 2005. (Dkt. No. 1 at ¶ 9; Schneider Aff. ¶ 9.)  Plaintiff appealed the decision to this Court in Civil Case No.  8:05-CV-0414 (GHL).

While her appeal regarding her 2003 application was pending in this Court, Plaintiff filed another application for Supplemental Security Income on April 15, 2005.  (Dkt. No. 1 at ¶ 12; Schneider Aff. ¶ 12.)  On July 17, 2007, an ALJ held a hearing regarding the 2005 application. (Dkt. No. 1 at ¶ 14; Schneider Aff. ¶ 14.)

On August 1, 2007, this Court remanded the case regarding Plaintiff's 2003 application to Defendant for further proceedings.  (Dkt. No. 1 at ¶ 15; Schneider Aff. ¶ 15.)  Plaintiff submitted this Court's decision to the ALJ who was considering her 2005 application and asked him to determine both applications.  (Dkt. No. 1 at ¶ 16; Schneider Aff. ¶ 16.)  Although Plaintiff asserts that the ALJ accepted jurisdiction over both the 2003 and the 2005 applications (Schneider Aff. ¶ 17), he did not do so.  Rather, the ALJ "specifically denied the request of the claimant's representative" to consider the 2003 application and "stated that the issue of the claimant's

---

[1]      The Administrative Transcript has not yet been filed.

disability prior to April 2005 was not before" him[2]. (Dkt. No. 14, Ex. 3.)

On August 31, 2007, the ALJ issued a decision. Plaintiff characterizes this decision as denying both applications. (Dkt. No. 1 at ¶ 17; Schneider Aff. ¶ 18.) However, as noted above, the ALJ considered only Plaintiff's 2005 application and did not rule on the 2003 application.

On September 7, 2007, Plaintiff filed the Complaint in this case, seeking review of the ALJ's August 31, 2007, decision. (Dkt. No. 1.)

On November 1, 2007, the Appeals Council issued a Remand Order. (Dkt. No. 14, Ex. 1; Schneider Aff. ¶ 30.) Plaintiff characterizes the order as a "*sua sponte* Remand Order". (Schneider Aff. ¶ 30.) However, in actuality the remand order was issued in response to this Court's August 1, 2007, remand of Plaintiff's 2003 application. In the order, the Appeals Council vacated the "hearing decision of July 27, 2004, and remand(ed) (the 2003) case to an Administrative Law Judge for further proceedings consistent with the order of the court". (Dkt. No. 14, Ex. 1.) The Appeals Council noted that Plaintiff "filed a subsequent claim ... in April 2005 that was denied by a hearing decision dated August 31, 2007. The Administrative Law Judge will consider that decision, if necessary, consistent with the applicable reopening regulations when deciding the subject claim remanded by the court." (Dkt. No. 14, Ex. 1.)

On November 23, 2007, Defendant moved to dismiss the Complaint for lack of subject matter jurisdiction. (Dkt. No. 7.) Plaintiff has opposed the motion. (Dkt. No. 9.) At the request

---

[2]    The ALJ's original decision included language suggesting that he was deciding both the 2003 and 2005 applications. (Dkt. No. 14, Ex. 3.) The ALJ later amended his decision to clarify that he intended only to review the 2003 application. (Dkt. No. 14, Ex. 3.) Plaintiff asserts that the ALJ amended his decision "to deprive this Court of jurisdiction". (Dkt. No. 15.) As noted below, this Court would not have jurisdiction even if the ALJ's original decision encompassed both the 2003 and 2005 applications.

of the undersigned, Defendant filed a reply.  (Dkt. No. 14.)

## II. DISCUSSION

Defendant argues that the Complaint should be dismissed because Plaintiff did not exhaust her administrative remedies.  (Dkt. No. 7.)  Defendant is correct.

In order to obtain judicial review of a final decision of the Social Security Administration, a claimant must first complete each step of the administrative review process as prescribed by the Commissioner.  20 C.F.R. § 416.1400(a)(5) (2007).  Generally, a claimant must receive a determination from the Appeals Council before proceeding to federal court.  20 C.F.R. § 416.1400(a)(4)-(5) (2007).

Because Plaintiff incorrectly believed that the ALJ's August 31, 2007, decision encompassed both her 2003 and her 2005 application, she argues in opposition to the motion to dismiss that she was required to follow the exhaustion of administrative remedy provisions that apply after a court remand.  When a case is remanded from District Court to the Commissioner, a claimant may bypass review by the Appeals Council.  In such cases, the ALJ's decision on remand becomes the "final decision of the Social Security Administration" unless the Appeals Council assumes jurisdiction of the case.  20 C.F.R. § 416.1484(a) (2007).  The Appeals Council may assume jurisdiction in one of two ways: (1) in response to written exceptions filed by the claimant within 30 days of the date the claimant receives the ALJ's decision; or (2) *sua sponte* within 60 days after the date of the ALJ's decision.  20 C.F.R. § 416.1484(b)-(c) (2007).  If the Appeals Council does not assume jurisdiction, the claimant may appeal the ALJ's decision directly to District Court.  20 C.F.R. 1484(d) (2007); 42 U.S.C. § 405(g).

Even if Plaintiff were correct and the ALJ's August 31, 2007, decision encompassed the

2003 application remanded from this Court, she failed to properly exhaust her administrative remedies. Plaintiff filed her Complaint in this Court only seven days after the ALJ's decision. Plaintiff thus did not give the Appeals Council an opportunity to *sua sponte* assume jurisdiction of the case. Accordingly, even if Plaintiff's interpretation were correct, Plaintiff did not exhaust her administrative remedies before filing her Complaint and this Court lacks subject matter jurisdiction.

Moreover, the ALJ's August 31, 2007, decision did *not* encompass the 2003 application remanded from this Court. As noted above, the ALJ specifically refused to take jurisdiction of the 2003 application. Thus, in order to challenge the ALJ's decision, Plaintiff was required to follow the normal administrative procedure and receive a determination from the Appeals Council before proceeding to federal court. 20 C.F.R. § 416.1400(a)(4)-(5) (2007). Plaintiff did not do so. Accordingly, this Court does not have jurisdiction over Plaintiff's Complaint.

**WHEREFORE,** it is hereby

**RECOMMENDED** that the Court dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE**

**APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

Dated:  December 27, 2007
        Syracuse, New York

_____
George H. Lowe
United States Magistrate Judge